**Electronically Filed
Intermediate Court of Appeals
29648
16-MAY-2011
07:48 AM**

NO. 29648


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
VICTOR S. NAKATSU, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(Case No. 3DTC-08-024727)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Victor S. Nakatsu (Nakatsu) appeals from the January 30, 2009 Judgment of the District Court of the Third Circuit, Puna Division (district court)[1] convicting Nakatsu of Driving While License Suspended or Revoked in violation of Hawaii Revised Statutes (HRS) § 286-132 (2007)[2] and Driving Without No Fault Insurance in violation of HRS § 431:10C-104

---

[1]  The Honorable Barbara T. Takase presided.

[2]  HRS § 286-132 provided then, as it does now,

> **Driving while license suspended or revoked.** Except as provided in section 291E-62, no resident or nonresident whose driver's license, right, or privilege to operate a motor vehicle in this State has been canceled, suspended, or revoked may drive any motor vehicle upon the highways of this State while the license, right, or privilege remains canceled, suspended, or revoked.

(2005).[3]  For each conviction Nakatsu was sentenced to concurrent 30-day terms of incarceration, fees and assessments of $37 and for Driving Without No Fault Insurance, his driver's license was suspended for a year.  Nakatsu's judgment was stayed pending this appeal.

After a careful review of the matters raised by the parties, the record in this case and the applicable legal authority, we resolve Nakatsu's appeal as follows.

As his sole issue raised in his opening brief, Nakatsu challenges the district court's admission of State's Exhibit 1, a Certificate issued by the County of Hawai'i, Department of Finance, Vehicle Registration and Licensing Division, Driver License Section (Certificate) insofar as it attests that Nakatsu "was not exempted from license under [HRS] Section 286-105" because it is "misleading" to the extent HRS § 286-105 (2007) provides[4] for exemptions to the licensing requirement when

_____

[3]  HRS § 431:10C-104 provided then, as it does now,

> **Conditions of operation and registration of motor vehicles.** (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.
>
> (b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.
>
> (c) Any person who violates the provisions of this section shall be subject to the provisions of section 431:10C-117(a).
>
> (d) The provisions of this article shall not apply to any vehicle owned by or registered in the name of any agency of the federal government, or to any antique motor vehicle as defined in section 249-1.

[4]  **§286-105  What persons are exempt from license.** The following persons are exempt from license:

. . . .

(continued...)

2

"operating farm tractors, implements of husbandry and road machines" and an "implement of husbandry" is not defined by statute.

However, assuming, arguendo, that the Certificate was misleading, Nakatsu cites no authority, and we find none, that supports his argument this was a valid objection to admission of the document. The district court did not err in admitting the Certificate into evidence.

Nakatsu's counsel also argues in the opening brief submitted by him that he is providing ineffective assistance of counsel on appeal as he "is incapable of properly asserting the 'Hawaiian Sovereignty' Defenses of the Defendant, since he does not agree with the Defendant's political position[.]" However, counsel did not maintain that Nakatsu's Hawaiian Sovereignty claim is frivolous or "is so repugnant to the lawyer as to be likely to impair the client-lawyer relationship or the lawyer's ability to represent the client[,]" Hawaiʻi Rules of Professional Conduct (HRPC) Rule 6.2 cmt. [2], and argues instead that he cannot make Nakatsu's argument because he is court-appointed and is paid to represent Nakatsu by the State of Hawaiʻi. Counsel has failed to establish that he could not, consistent with the HRPC, assert these "defenses" on Nakatsu's behalf.

As counsel himself recognizes, the source of his fee cannot interfere with his obligation to zealously represent his

---

[4](...continued)
(2)  Any person while driving or operating any road machine, farm tractor, or implement of husbandry temporarily operated or moved on a highway; provided that no person under the age of thirteen years shall be permitted to drive or operate any such road machine, farm tractor, or implement of husbandry on a highway[.]

(Emphasis added.)

3

client, Nakatsu.   HRPC Rule 1.8(f).[5]  Moreover, counsel does not have the luxury of presenting only those arguments with which he agrees.

> **Rule 3.1. MERITORIOUS CLAIMS AND CONTENTIONS.**
>       A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.  A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.
>
> *COMMENT:*
>       *[1] The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure.  The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.*
>
>       *[2] The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law.*

(Emphasis added.)

On March 17, 2011, this court ordered counsel to file a supplemental brief presenting Nakatsu's "Hawaiian sovereignty defenses" as alluded to in the opening brief.  The order also

---

[5]  HRPC Rule 1.8(f) provides,

>            (f) A lawyer shall not accept compensation for representing a client from one other than the client unless:
>
>                  (1) the client consents after consultation;
>
>                  (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
>
>                  (3) information relating to representation of a client is protected as required by Rule 1.6.

provided the State with an opportunity to respond to the supplemental brief.

In his supplemental brief, Nakatsu argues,

> The Hawaiian sovereignty defense in this particular case stems from the fact that the Appellant stated he was a citizen of the Hawaiian Kingdom and not bound by the laws of the State of Hawaii and that the vehicle was registered with the Reinstated Hawaiian Kingdom. . . . The essence of [Nakatsu's] Hawaiian sovereignty defense assertion is that the Kingdom of Hawaii exists as the only legal entity capable of allowing him to drive.

Nakatsu did not establish below, nor does he argue on appeal, that he did not operate his motor vehicle on a public road or highway within the State of Hawai'i.

However, as Nakatsu himself acknowledges, this court in State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004) held that

> the State of Hawai'i has lawful jurisdiction over all persons operating motor vehicles on public roads or highways within the State of Hawai'i. Persons claiming to be citizens of the Kingdom of Hawai'i and not of the State of Hawai'i are not exempt from the laws of the State of Hawai'i applicable to all persons (citizens and non-citizens) operating motor vehicles on public roads and highways within the State of Hawai'i.

Therefore, the January 30, 2009 Judgment of the District Court of the Third Circuit, Puna Division, is affirmed.

DATED: Honolulu, Hawai'i, May 16, 2011.

On the briefs:

Vaughan S. Winborne, Jr.,
for Defendant-Appellant.

Dakota K. Frenz,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge